## McCollum *v.* Carlucci, Appellant.

*Partnership—Suits—Breach of contract—Assumpsit.*

While partnership accounts must be adjusted and settled and the liability of one partner to another ascertained by an action of account render, or by a bill in equity, this does not prevent one partner from suing another in assumpsit for damages resulting to the plaintiff from the dissolution of the partnership, wrongfully brought about by the bad faith and broken promises of the defendant.

In an action of assumpsit by one partner against another to recover damages for breach of the contract and wrongful dissolution of the partnership, a verdict and judgment for plaintiff will be sustained where the evidence, properly admitted, tends to show that the defendant had advised the men who had been employed by the firm in a quarry to bring suits against it, obtain judgments and sell out the partnership property, which

he himself purchased; that he said the partnership was at an end; that he obtained an assignment of the lease of the quarry to plaintiff as well as of the farm on which the quarry was located, and entered judgment against plaintiff for default in payment of rent and issued execution on it; that he purchased the farm, and, with a new partner, opened a quarry close to the plaintiff's quarry and was operating it at the time of the trial; and that, when the plaintiff sold stone to get money to pay the men, he notified the parties to whom stone had been sold not to pay him.

In such a case the measure of damages is not the value of the quarry nor the plaintiff's share of the profits which the defendant made, but the value of the partnership to the plaintiff.

Argued March 18, 1903. Appeal, No. 15, Jan. T., 1903, by defendant, from judgment of C. P. Susquehanna Co., Nov. T., 1900, No. 57, on verdict for plaintiff in case of A. H. McCollum and A. B. Smith, Executors of H. W. Lord, Deceased, v. Frank Carlucci. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Affirmed.

Assumpsit for breach of partnership agreement. Before SEARLE, P. J.

The facts appear by the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict for plaintiff for $4,000 on which judgment was entered for $1,800, all above that amount having been remitted.

*Error assigned* amongst others was in submitting the case to the jury, and that the charge was inadequate as to the measure of damages.

*G. P. Little* and *W. W. Watson*, with them *R. B. Little* and *S. L. Tiffany*, for appellant.—Actions between partners cannot be maintained, involving partnership business and transactions, until the status of the partners and their liability to each other has been settled by action of account render, or bill in equity: Kease v. Bright, 71 Pa. 186; Leidy v. Messinger 71 Pa. 177; Crow v. Green, 111 Pa. 637; Murray v. Herrick, 171 Pa. 21; Ferguson v. Wright, 61 Pa. 258.

While it is true, that in the charge the court stated to the jury that damage against defendant could be allowed only for loss of partnership, we say, it was impossible for the jury, under

this instruction, to arrive at an intelligent conclusion. And, while it may be claimed this instruction remedied the difficulty, that is not correct, as this court has decided in numerous cases, that if the general effect of the charge has a tendency to mislead, it is cause for a reversal, even if no particular portion of the charge be erroneous : Frisbie v. McFarlane, 196 Pa. 110; Lerch v. Bard et al., 177 Pa. 197; Peirson v. Duncan et al., 162 Pa. 187; L. V. R. R. Co. v. Brandtmaier, 113 Pa. 610; Fullam v. Rose, 181 Pa. 138; Richards v. Willard, 176 Pa. 181.

*A. H. McCollum,* of *McCollum & Smith,* for appellee.—Covenant and not account render is the proper action for the breach of a contract of partnership, in wrongfully dissolving the partnership, and for wrongful acts tending thereto : Addams v. Tutton, 39 Pa. 447; Reiter v. Morton, 96 Pa. 229.

OPINION BY MR. JUSTICE BROWN, May 18, 1903 :

If this suit were for an accounting by Carlucci, the appellant, to the estate of Lord, his late partner, the judgment would have to be reversed. Partnership accounts must be adjusted and settled and the liability of one partner to another ascertained by an action of account render or by a bill in equity : Ferguson v. Wright, 61 Pa. 258; Leidy v. Messinger, 71 Pa. 177; Crow v. Green, 111 Pa. 637; Murray v. Herrick, 171 Pa. 21.

The cause of action, as set forth in plaintiff's statement, is, that the appellant broke all of his covenants in the partnership agreement, and this suit is not for an accounting, but for damages resulting to Lord from the dissolution of the partnership, wrongfully brought about by the bad faith and broken promises of Carlucci. In other words, the claim of Lord's estate is not for a share of the profits of the business which he and Carlucci, by their agreement of December 2, 1899, were to carry on, nor is it for an accounting from Carlucci as a partner. The contention of the plaintiff below was, that, as a result of the broken promises of Carlucci, the partnership was wiped out and profits that might have come from the business were never realized. If Carlucci had kept faith with Lord and the partnership had continued, whether profitable or unprofitable, the accounts between the partners would have to be settled in the

regular way. The finding of the jury has sustained Lord's contention that the partnership was wrongfully dissolved by Carlucci, and the representatives of his estate are not asking for an accounting, but for damages resulting from Carlucci's broken covenants and wrongful dissolution of the partnership. The remedy for the wrong sued for is neither an action of account nor bill in equity, but is in assumpsit on the broken contract: Addams v. Tutton, 39 Pa. 447.

The jury were instructed by the learned trial judge, first, that before Lord could recover, it was incumbent on him to show he had performed all of his covenants and had been willing to go on and work the quarry and pay one half of the debts and expenses; and, secondly, that the evidence would have to satisfy them that Carlucci had wrongfully dissolved the partnership. Without referring to the testimony in detail, it is sufficient to say that a careful examination of it has persuaded us that the jury were justified in their finding that Lord had performed his covenants, and that Carlucci had not only not done so, but had wilfully and wrongfully dissolved the partnership. As evidence of his wilful purpose to wrongfully force the dissolution, the court, under Addams v. Tutton, supra, properly allowed the plaintiff to show that the defendant had advised the men who had been employed by the firm to bring suits against it, obtain judgments and sell out the partnership property, which he himself purchased; that he said the partnership was at an end; that he obtained an assignment of the lease of the quarry to Lord as well as of the farm on which the quarry was located, and entered judgment against Lord for default in payment of rent and issued execution on it; that he purchased the farm, and, with a new partner, opened a quarry close to the Lord quarry and was operating it at the time of the trial; and that, when Lord sold stone to get money to pay the men, he notified the parties to whom stone had been sold not to pay him.

We have discovered no error in any of the rulings on offers of evidence, and the only other question is as to the correctness of the court's instructions on the measure of damages, which were: "Now, as to the value of this contract, you cannot go to work and evolve prospective profits, and figure up what should be the speculative profits in the future, but the

question is, what was that contract worth to Mr. Lord? That is the measure of damages. Not what it would sell for, but what was it worth? That is something which is very hard to determine. In the first place, we think, if he dissolved the contract wrongfully, without any cause, he should be required to pay nominal damages for its dissolution and whatever actual damages Mr. Lord sustained by reason of it. Those damages are not the value of the quarry. What would this firm make out of the quarry in running it? If they both ran it and performed the covenants of this lease, was there any profit in running it? If so, what was the share of the profits of Mr. Lord, the plaintiff? But you cannot figure up his share of the profits and say that is the actual damages. You will take the value of the contract, itself; arrive at it by such method of figuring as you can, and determine what was the value of this article of copartnership to Mr. Lord at the time of the dissolution of the contract. That is the basis upon which you are to work in awarding damages. . . . In ascertaining the value of the partnership, of course you may take into consideration what was done there that year—the business that the partnership did—and ascertain as best you can what the value of that partnership was to Mr. Lord, if any, provided you find that Mr. Carlucci wrongfully dissolved the partnership, and render your verdict in a gross sum for the amount that you shall find that he was damaged, with interest from the date of the damage sustained, or from the dissolution of the firm, up to this date." It would have been difficult for the court to have given more definite instructions under the testimony in the case, and as the defendant did not ask anything more definite, the charge on that point ought not to be complained of.

The verdict was for $4,000. On a motion for a new trial, the careful judge, feeling that the damages were in excess of what was warranted by the evidence, and that the jury might have, to some extent, misunderstood the instructions as to the measure of damages, reduced the verdict to $1,800. There was evidence that Lord had made about $2,000 above expenses in operating the quarry the year before he entered into the contract with Carlucci; and, in the exercise of its discretion in disposing of the rule for a new trial, the limit in reducing the verdict was reached by the court below. As the case was

fairly and properly tried, under adequate instructions to the jury, and no injustice has been done to the appellant, in view of the reduced verdict, the judgment entered below is affirmed.