## Rubin v. Green

C. Green, for plaintiff; Blumberg & Sork, for defendant.

LAMBERTON, J., February 18, 1935.—From a reading of the statement of claim, it is possible that the plaintiff may base his claim on any one of three theories: (1) He may be suing because of the wrongful act on the part of defendant in deceiving plaintiff and thereby inducing him to enter into the partnership agreement. In such case, the action is in deceit and the damages would be $3,000, plaintiff's contribution to the partnership, plus interest; (2) he may be suing on account of matters arising under the partnership agree-

ment, in which case his remedy is probably in equity: Stephens et al. v. Lehnert, 310 Pa. 412; or (3) he may be suing on the theory that the defendant has wrongfully brought about a dissolution of the partnership, in which case his remedy would be in assumpsit, and the measure of damages would be the difference between the value of plaintiff's partnership interest and the amount received therefor by him: McCollum v. Carlucci, 206 Pa. 312. In such case, the value of plaintiff's interest in the partnership must be definitely pleaded and proven.

Under the Practice Act of May 14, 1915, P. L. 483, the statement of claim should make clear the basis of plaintiff's claim and should definitely state each fact essential for the maintenance thereof, so that an affidavit of defense may be intelligently framed and the issues clearly defined and narrowed for trial. The statement of claim in this case utterly fails to fulfill this requirement.

And now, to wit, February 18, 1935, defendant's affidavit of defense raising questions of law is sustained with leave to plaintiff to file an amended statement of claim within 15 days from the date hereof.