# Newsom *v.* Pitman.

*Action for Damages by a Partner against a Co-partner for the Wrongful and Malicious Levy of an Attachment upon the Partnership Property.*

1.  *Action for damages by one partner against another.*—Where one member of a partnership wrongfully and maliciously causes an attachment in his own name to be sued out and levied on the partner-

[Newsom v. Pitman.]

ship property, and ousts his co-partner from the business, an action for damages may be maintained by the partner thus ousted, against the wrong doer.

APPEAL from Russell Circuit Court.

Heard before the Hon. J. M. CARMICHAEL.

A demurrer to the bill in this case was interposed by the defendant, on the ground that the plaintiff being a partner in business with the defendant, could not maintain an action at law against him. The demurrer was sustained by the trial court, the plaintiff declined to plead over, and the case was dismissed at the cost of plaintiff. From this ruling of the lower court, the plaintiff takes an appeal to this court.

J. M. LENNARD, MILLER & MILLER and J. V. SMITH, for appellant.—1. One partner can sue another for damages when said damages accrued by reason of the wrongful conduct of the defendant.—6 Ala. 129 ; Lindly on Partnership, 564. Cited also 77 Am. Dec. 679 ; 45 Am. Dec. 278 ; 4 Am. State Rep. 174 ; 6 Am. State Rep. 503 ; general rule of Judicature Act ; Lindly on Partnership, 567.

MARTIN & BOYKIN, for appellee.   (No brief).

HARALSON, J.—The plaintiff, J. Newsom, and the defendant, T. J. Pitman, as is shown in the complaint, were partners doing a mercantile business in Girard, Alabama, under the firm name of J. Newsom & Co. ; and on the 31st day of August, 1891, as the complaint avers, the defendant maliciously, wrongfully, and without probable cause, sued out, before a justice of the peace, an attachment in his own favor, returnable to the Circuit Court, against said firm of J. Newsom & Co., of which firm he was a member, and caused the same to be levied by a constable on the entire stock of goods, store furniture, books and accounts of said firm ; that by the direction of the defendant, the constable, on the 31st August, closed up the store house of said firm, and kept it closed, until the 12th of September following, and then, without plaintiff's consent, and without lawful authority, delivered the keys of the house, and the books and accounts, to one M. T. Lynn, and under the pretense of said legal proceeding utterly ousted plaintiff from his business. It further avers that the matters alleged in the affidavit to procure the issuance of the attachment were maliciously false, and he had no grounds to believe them to be true, and it was made for the purpose of vexing, harrassing, and injuring the

plaintiff. It does not set out the grounds on which the attachment was sued out, nor the nature and character of the debt; but this was unnecessary, for no attachment would lie at his suing, against a firm of which he was a member. If the allegations of the complaint are true, the attachment was an illegal and violent procedure by the defendant to accomplish a dissolution of his firm, to oust one of the partners therefrom, and take possession of the property of the copartnership, without reference to the rights of the plaintiff in it, and to his great damage, as is alleged in the complaint. It ought not to have been done. The law gives a remedy for the wrong, and the plaintiff has not misconceived his action in the complaint he has filed. The demurrer to it should have been overruled.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.