### DILL v. FLESHER.

No. 8804—Opinion Filed Oct. 1, 1918.

(175 Pac. 359.)

1. **Partnership—Action Between Partners —Conditions Precedent—Remedy—Action for Profits.**

In the absence of a statute one partner cannot maintain an action at law against another to recover an amount claimed by him by reason of partnership transactions until there has been a final settlement of the affairs of the partnership by discharging its liabilities, collecting its assets, and definitely ascertaining the surplus to a share of which he is entitled. Until this is done, a partner's only remedy is to apply to a court of equity for a dissolution and accounting and ascertainment of such balance. But where the debts of a partnership have been paid, its property distributed, and its accounts closed, an action may be maintained by one partner against another to recover his part of the profit arising from a venture not involved in the partnership accounting, and it is not necessary for him to apply to a court of equity for an additional accounting between the parties.

2. **Judgment — Conclusiveness — Matters Which Might be Litigated.**

A final judgment of a court of competent jurisdiction is conclusive between the parties in a subsequent action involving the same subject-matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to the issues which could or might have been litigated and determined therein.

(Syllabus by Hooker, C.)

Error from District Court, Okfuskee County; Tom D. McKeown, Assigned Judge.

Suit by W. H. Dill against M. B. Flesher. Judgment for defendant, and plaintiff brings error. Affirmed.

See, also, 53 Okla. 359, 156 Pac. 1191.

B. B. Blakeney and J. H. Maxey, for plaintiff in error.

C. T. Huddleston and Martin L. Frerichs, for defendant in error.

Opinion by HOOKER, C. W. H. Dill instituted this suit against M. B. Flesher, and in the petition it is alleged that on or about the 1st day of January, 1908, the plaintiff and the defendant, by oral agreement, entered into a partnership for the purpose of buying lands, leases, and other interests in real estate, and by its terms each was to give such time to the business as might be demanded, and to contribute one-half of the money necessary for the transaction of the business, and to share profits therein equally; that in pursuance of said agreement the plaintiff did advance from time to time large sums of money, to wit, not less than $20,000, but that the defendant, Flesher, refused and failed to advance his part of said amount, or to advance any sums necessary to carry on said business; that said partnership business was conducted from the time of its organiza-

tion up to the 18th day of March, 1912, but, that thereafter no other or further sums were advanced to said partnership, and that all of the business transacted after that date was for the purpose of winding up and settling said partnership; that there was acquired, as a part of said partnership, among others, the tract of land described in the petition; that during the prosecution of said business the defendant, Flesher, collected and received the rents and the profits from the above-described land, and from other lands owned from time to time by said partnership, and applied the profits of such partnership agreement to his own use, and did draw from said partnership large sums of money, the amount of which is to the plaintiff unknown; that the title to the land thus acquired by said partnership under the partnership agreement was from time to time taken in the names of the individual partners, and by each of them held in trust for the use of said partnership; that among the properties so acquired and now owned and held by the defendant, Flesher, is the real estate described:

The N. W. ¼ Sec. 23, Twp. 11 N. R. 8; and the S. W. ¼ of the S. E. ¼ and S. E. ¼ of the S. W. ¼ Sec. 24, Twp. 11, R. 8; and the S. ½ of the N. W. ¼ Sec. 11, R. 8; and the N. ½ of the N. W. ¼ and the S. E. ¼ of the N. W. ¼ of Sec. 16, Twp. 11, R. 10; and the S. W. ¼ of the N. E. ¼ and the E. ½ of the S. E. ¼ of the N. E. ¼ of Sec. 5, Twp. 11, R. 10, all in Okfuskee county, Oklahoma.

The S. ½ of the N. W. ¼ and the E. ½ of the N. E. ¼ of Sec. 21, Twp. 11, R. 8, in Seminole county, Oklahoma.

The N. W. ¼ of Sec. 20, Twp. 16 N. R. 7 E.; and the S. W. ¼ of the N. W. ¼ and the N. W. ¼ of the S. W. ¼ of Sec. 28, Twp. 15, R. 8; and the E. ½ of the N. W. ¼ of Sec. 29, Twp. 15, R. 8, in Creek county, Oklahoma.

Plaintiff further alleged that, during the time of the formation of said partnership, the plaintiff acquired the N. E. ¼ of Sec. 30, Twp. 11 N., R. 8 E., situated in Okfuskee county, and the title to said land was taken in the name of the plaintiff, and that said land was subsequently sold by him, and that the defendant claimed that said land was part of the partnership property, and that the profits therefrom amounted to approximately $6,700, and that said defendant did, on or about December, 1914, demand of the plaintiff a one-half interest in said profits, and, upon the plaintiff refusing to pay the same, claiming that the said property was not a part of said partnership, said defendant commenced an action in the district court of Okfuskee county to recover the same, and did in said action recover a judgment of $3,392.50, and that said judgment is now in full force and effect and unappealed from, and that the said defendant caused an execution to issue thereon and be delivered to the sheriff of Okfuskee county, and the property of the plaintiff be seized and applied to the payment of said judgment unless proceedings are restrained. Plaintiff further alleged that at the time of the commencement of this action and at the present time the defendant, Flesher, has been indebted to the said partnership in the sum of not less than $20,000 for land that had been purchased and leased by the partnership, and for the use of the partnership, and that the partnership has never been dissolved, though since on or about the 1st day of March, 1912, it has been continued for the purpose of liquidating the indebtedness and conveying the property owned and acquired by the said partnership money for distribution between said partners. Plaintiff further alleged that the defendant was holding lands of said partnership in his own name and for his own use, and claiming the same to be his own individual property, and denying the interest of the partnership therein, and has collected a large amount of lands, and refuses to account to the partnership therefor. Plaintiff further alleged that said defendant negotiated on behalf of the partnership for the purchase of the N. W. ¼ of Sec. 20, etc., known as the allotment of Benjamin Fixico, and that the same was purchased and acquired for a consideration of $800, which was paid with partnership money, and that the defendant claims the same as his own property, and has executed an oil lease thereon for which he received the sum of $2,000, and that he has failed and refused to account to the partnership for the value of said land or for the rental thereon, and is attempting to sell the same; that said defendant is wholly insolvent, and could not respond to any action at law to the partnership for the value of said land, or any part thereof, or for the use thereof; and that said defendant has instituted an action in the proper court to quiet his title to same, and is threatening to bring other actions, and will do so, unless restrained by the court from so doing. Plaintiff further alleges that the defendant is indebted to the partnership, and that the only adequate relief that the partnership or the plaintiff can have or obtain is by an order of this court to said defendant to turn in all of the land owned or held by him to the partnership which he acquired with partnership

funds, and that said defendant be enjoined from prosecuting his claim to any interest to the N. W. ¼ of Sec. 20, aforesaid, and that he be restrained from issuing execution upon the judgment aforesaid, or having an execution levied upon the property of this plaintiff to satisfy the same, and that the sheriff of Okfuskee county be directed to return said execution until final disposition of this cause.

To this petition the defendant, M. B. Flesher, filed an answer wherein he denied all the allegations of the plaintiff's petition, except that he admitted that on or about the 10h day of January, 1910, he and said plaintiff entered into a partnership agreement for the purpose of buying land, but alleged that under the terms thereof said plaintiff was to furnish any additional money necessary to carry on said business whenever the partnership did not have the same, and that the said Flesher and Dill were each to devote their time to said business, and that they would share the profits therein equally. He denied that Dill advanced the sum of $20,000, and denied that he had failed and refused to advance his part of said money necessary to carry on said business. He further alleged that during the life of the partnership it became necessary for said copartnership to borrow money, and that the money was usually borrowed from the Citizens' State Bank of Okemah, Okla., in the name of M. B. Flesher, and that all of the money thus borrowed had been repaid; and further alleged that the said W. H. Dill at no time advanced his own individual money in said matter. He further stated that frequently when a piece of land was purchased for the partnership it was taken in the individual name of the partners, and loans were made thereon which were used for the purpose of paying the purchase price, and was either used for partnership purposes or was placed as an asset of the partnership. The defendant further alleged that on the 18th day of March, 1912, said partnership was dissolved by mutual consent by an agreement in writing, and a correct copy of said agrement was attached as a part of said answer and it is further alleged that at the time of this dissolution the plaintiff and defendant settled up and adjused all of the property rights between the parties, and paid each other all that was due either of said parties by the other under said copartnership agreement, except the two items of indebtedness sued on in case No. 1675, hereinafter referred to. The defendant further alleged that after the 18th day of March, 1912, no further sums were advanced to said partnership, but denied that said partnership was continued for the purpose of winding up its business; and further alleged that on the 18th day of March, 1912, all of the business of said partnership was adjusted and the property distributed, save and except that part thereof mentioned in cause No. 1675. It further alleges that, upon the dissolution of said partnership, the said M. B. Flesher took certain real estate belonging to him, and that the said W. H. Dill took certain real estate as his part of the partnership, and on that date they entered into a written contract as hereinbefore stated, whereby all of the partnership affairs were completely settled up except as stated hereinabove. Defendant further alleged that at the time of the dissolution of said copartnership all of the aforesaid affairs were completely settled except the two mentioned in plaintiff's petition in cause No. 1675, which were overlooked, involving the N. E. ¼ of Sec. 36, which had been sold by Dill to John Bean, wherein the sum of $2,800 profit was made by Dill thereon, one-half of which the defendant alleged to belong to him, and another tract of land which was sold to one Henshaw by said Dill, which was the property of the partnership, and upon which a profit of $2,000 was made by Dill, and one-half of which Flesher alleged to belong to him, and the defendant, Flesher, alleged that Dill failed and refused to settle or to pay him his part of these two items, and on the 5th day of December, 1914, he brought suit in the district court of Okfuskee county against Dill, asking for a judgment for one-half of the profits of the interest thereon, and a copy of said petition was filed as a part of the answer here, and said Flesher further stated that he filed an amendment to said petition alleging that at the time of the dissolution of the copartnership the plaintiff and the defendant settled up and adjused all property rights between them, and paid each other all that was due either party by the other under said copartnership agreement, except the indebtedness sued upon in this action; and it is further alleged that said amendment was attached to the original petition, which has been lost or misplaced, but that notice thereof was served upon Dill on the 9th day of January, 1915, and service accepted by his attorneys, and that thereafter, on the 29th day of January, 1915, Dill filed an answer in said cause No. 1675, by the terms of which he admitted that a copartnership existed between the plaintiff and the defendant, which lasted until March 18, 1912, when it was dissolved by mutual consent, and that the said W. H. Dill in said answer further alleged that all of the copartnership affairs were adjusted and settled on the 18th day

of March, 1912, and that the plaintiff and defendant then and there entered into a settlement in writing, which embraced all of the transactions, debts, liabilities, and claims of every kind existing between them, and the sad W. H. Dill further denied that the indebtedness sued upon in cause No. 1675 was excepted from said agreement, and specifically alleged that said indebtedness sued upon in said cause No. 1675 was included in said contract, together with all the indebtedness of every kind between the parties thereto, and a copy of said answer and the exhibits thereto were made a part of the pleadings here. The defendant, further answering, alleged that on the 30th day of January, 1915, he filed a reply to the defendant's answer, in which he admitted that said contract was made and executed, and denied that the debts sued upon in said action mentioned in his petition were included in said contract, and he further stated that on the 9th day of February, 1915, cause No. 1675 was duly tried in the district court of Okfuskee county, and that the said Dill alleged that the settlement on March 18, 1912, was a full and complete settlement, and that the said Flesher insisted that it was full and complete except the two items involved in cause No. 1675, and that both the plaintiff and defendant admitted that a dissolution of said partnership had been had by mutual consent, and that in cause No. 1675 the only question was that issue. The defendant further alleged that thereafter a verdict was duly returned in cause No. 1675 in his favor and against Dill, finding that the two items were not included in said final settlement and dissolution, and that Dill was indebted to him therefor, and that a judgment was rendered in his favor and against Dill which is in full force and now a valid and binding judgment; and that by reason thereof, and by reason of the contract and the pleadings in cause No. 1675, the testimony thereof given, the verdict of the jury, that the said W. H. Dill is estopped from denying the dissolution of said copartnership and final settlement of its affairs, and that the same is thereby conclusively adjudicated, and that the final dissolution of said copartnership is conclusively adjudicated by a court of competent jurisdiction, and that the said Dill is estopped by reason of said judgment and decree of pleadings and contract, from asserting to the contrary The defendant further denied being indebted to the partnership or to Dill, and further asserted that the N. W. ¼ of Sec. 20, mentioned in the petition, was a part of the property of the copartnership, and under the settlement and distribution, made on the 18th day of March, 1912, he acquired the same as his part of the partnership business, and denied that Dill had any right, title, or interest therein, and that he thereby became the owner in fee thereof. The defendant further alleged that the district court of Okfuskee county had full and complete jurisdiction of the person and the subject-matter of the parties in cause No. 1675, and that in said action there was duly rendered a judgment upon the issues in said cause which is still in force and effect and unsatisfied, and that at said time and place, if this copartnership had not been dissolved, and if the said M. B. Flesher had then and there owed in any manner the said W. H. Dill, the said Dill had a full and a complete remedy by an answer settling up said facts in said cause, and then and there failed and refused to plead further facts than heretofore set out; that said copartnership was dissolved by mutual consent and completely settled and all matters adjusted; and the said Dill having elected to either a dissolution or settlement of the copartnership, and filed his answer and cross-petition for an accounting, he then and there elected to stand upon the plea of the former, and having taken his chances to the court and jury upon the identical subject-matter at issue in said cause, and the same having been determined against him, he is therefore barred and estopped by said judgment from pleading or asserting said matters again in a new action. The defendant further alleged that as a part of the consideration, or the transfer of said real estate to him, and to that part of the real estate transferred to said W. H. Dill, that he, Flesher, as provided in said contract, agreed to make, execute, and deliver to Dill a note for $2,000 as consideration for all the rights, title, and interest Dill had in and to said land described in said contract, and, as a further consideration therefor, the said M. B. Flesher agreed to pay a $500 note due by said partnership, and, in consideration of the payment of these two notes and other consideration, the said Dill agreed to turn over to this defendant all notes, claims, and evidence of indebtedness due by this defendant at the Citizens' State Bank and elsewhere, to this defendant, except two certain notes for $2,000 and $635.30; and this defendant further states that, in pursuance to said contract, he has paid the debts and obligations named, and Dill had the benefit thereof, and he pleads the same as an estoppel against Dill.

To this answer the plaintiff, W. H. Dill, filed a reply, wherein he alleged that on the 18th day of March, 1912, an attempt was made to settle the partnership affairs, and

the contract referred to in the defendant's answer, and also referred to in the answer of W. H. Dill in cause No. 1675, was signed by the parties thereto, but that it was the understanding at the time that this plaintiff signed said contract, and he signed the same believing that both of the parties thereto had consented to said contract, because same was in final settlement and discharge, but that subsequent to the execution thereof said defendant in cause No. 1675 claimed that the same was not in full settlement of the partnership, and it was so adjudicated and adjudged by the court in the trial of said cause, and that therefore said contract became an unexecuted contract in this, that is, said plaintiff herein never assented thereto as a part settlement of the affairs of said partnership, and the minds of the parties so contracting never came together in said contract. The plaintiff further alleged that the contract was expressly repudiated by the defendant in said action, and, having been so repudiated and rescinded, this plaintiff hereby consents to such rescission and repudiation, and the parties hereto are not bound or obligated by the terms and conditions thereof. The plaintiff further denied that the petition purporting to be attached to the defendant's answer is a correct copy of the petition filed in said action or of any amended petition filed therein, but alleged that the following matters found in said petition were not a part of the petition filed or any amendment thereto, to wit:

"Plaintiff further states that as an amendment to this petition, that at the time of the dissolution of the copartnership the plaintiff and the defendant settled up and adjusted all property rights between the parties, and paid each other all that was due either of said parties by the other, under said copartnership agreement, except the indebtedness sued upon in this action."

Plaintiff alleges that the part quoted was not a part of said petition, and was not an issue in the trial of said cause; that the only issue in the trial of said cause was presented by the pleadings, to wit, whether or not the said contract attached to the defendant's answer therein was a settlement of the partnership affairs; and it was held and determined, and a judgment or decree rendered therein adjudging that the same was not a settlement of the partnership affairs. Plaintiff further alleges that the said contract of settlement was never performed by the said defendant herein. The plaintiff further alleges that after the execution of the contract in March, 1912, the defendant treated the contract as being a mere settlement of certain lands therein stated, and not a

final settlement of the partnership property, and not a dissolution of the partnership affairs and relations, and that, upon finding that the said defendant was so treating the said contract and construing the same, the plaintiff has accepted the said construction, and therefore alleges that the partnership was not dissolved by said contract, and its business affairs and relations were not settled, and that the affairs ought to be finally wound up, and a final distribution and accounting adjudged.

The partnership agreement referred to in these pleadings as having been executed on the 18th day of March, 1912, is as follows:

"This agreement, made and entered into this 18th day of March, 1912, by and between W. H. Dill, party of the first part, and M. B. Flesher, party of the second part, both of Okemah, Oklahoma, Witnesseth that in and for a valuable consideration, the receipt of which is hereby acknowledged, the party of the first part hereby agrees to sell, transfer, and quitclaim all his right, title and interest to the party of the second part in and to the following described real estate situate in Okfuskee, Seminole, and Creek counties, state of Oklahoma, to wit: * * *

"The party of the second part sells, transfers, and quitclaims to the party of the first part all his right, title, and interest in and to the following described real estate situate in Okfuskee, Creek, and Seminole counties, state of Oklahoma, to wit: * * *

"The parties to this contract hereby mutually agree that all expenses incurred upon said lands hereinafter, and all profits accruing from said lands hereinafter, shall be borne and received against and for said lands in whose name the lands are held.

"The party of the second part hereby agrees to make, execute, and deliver to the party of the first part one note, amounting to $2,000.00, drawing interest at the rate of 8% from date, payable July 1st, 1912, as consideration for all the right, title, and interest the party of the first part has in and to the land first described above in this contract and quitclaimed to the party of the second part, and, as a further consideration by party of the second part to the party of the first part, the party of the second part hereby agrees to pay one $500.00 note to Mrs. M. F. Flesher which both parties to this contract owe.

"The party of the first part hereby agrees to turn over all notes, claims, and every evidence of indebtedness due by M. B. Flesher to the Citizens' State Bank, Citizens' Bank and Trust Company, and W. H. Dill, all or Okemah, Okla., to M. B. Flesher, except the above note of $2,000.00 and personal note for $645.38 due Citizens' State Bank July 1, 1912.

"The party of the second part agrees to

pay one-third of the purchase price of the N. W. ¼ Sec. 12, Twp. 11, Rge. 8, in case the title fails in W. H. Dill, providing the purchase price is paid by W. H. Dill.

"Party of the second part, his heirs and assigns, agree and bind himself to make, execute a quitclaim deed to party of the first part, his heirs and assigns for any lands situate in Okfuskee, Okmulgee, Seminole, Hughes, and Creek counties, state of Oklahoma, that are in the name of the party of the second part, except the lands heretofore mentioned in this contract that are in the name of M. B. Flesher, by and in accordance with the terms of this contract, and also the land acquired subsequent to this date by the party of the second part."

In the petition filed in cause No. 1675 Flesher alleged the formation of the partnership with Dill in January, 1910, and the dissolution in March, 1912, and that in December, 1911, while the partnership existed, it owned a certain tract of land the title to which was in the name of Dill, who sold the same at a profit of $2,850, and likewise that Dill held in his own name the title to another tract belonging to the partnership which he had sold at a profit of $2,900; that he refused to pay to Flesher his part or to account therefor, and Flesher sued Dill to recover the same.

The defendant, Dill, filed an answer to said petition, wherein he denied all the allegations of said petition except certain admissions, and therein admitted that said partnership was formed and dissolved about the dates mentioned; and further alleged that all the matters of said partnership were adjusted by written contract on March 18, 1912, and expressly denied the matters mentioned in said petition in cause No. 1675 were omitted from said settlement, but alleged the fact to be that they were included therein, and said contract heretofore set out was attached to and made a part. And in his answer Dill alleged that by the terms of the dissolution contract Flesher was indebted to him in the sum of $2,000, as shown therein, which he had failed to pay, for which judgment was asked by way of crosspetition.

Flesher filed a reply to this answer, wherein he denied that said contract was a full settlement of all the partnership matters, and alleged the same to be only a division of partnership lands, and was not intended to include debts due by Dill to him; and in said reply it was further alleged that in said partnership settlement of said lands, in order to arrive at a fair adjustment, he agreed to pay Dill $2,250, as the land he acquired was worth more than the land acquired by

Dill, and in order to equalize the settlement he had paid said sum to the order of Dill and for his use and benefit in manner and form stated in said reply.

Said cause was afterwards tried and judgment rendered for Flesher against Dill for one-half of the profits accruing by virtue of the sale of said property.

The only question to determine here is whether the plea of former adjudication has been sustained; that is, was the trial court justified in holding that the matters in controversy in this action were concluded by the judgment rendered in cause No. 1675? The trial court so held. Plaintiff in error says this was wrong, for that where separate actions are prosecuted for different causes of action, which might have been united in one petition, a judgment in one is not available as a bar to the other. The defendant in error contends that the general rule was properly applied by the court here, and that the judgment in the former action settled all matters litigated, or which could have been litigated, within the issues in said cause.

We have carefully considered the case of Akin v. Bonfils, 67 Okla. 123, 169 Pac. 899, and the rule announced therein is not at variance with our views here. In the case of Flesher v. Dill one of the issues was whether there had been a final settlement of the partnership of all matters except the definite items involved in the petition, as otherwise the plaintiff in said action could not have maintained his suit against his partner. Cobb v. Martin, 32 Okla. 588, 132 Pac. 422. Therefore a finding in his favor in cause No. 1675 was a finding that all the partnership affairs had been settled except the specific items sued on in said cause, and that, judgment having become final, the same is an adjudication of the issue, and is a complete bar to any other action between the parties wherein the same question is sought to be litigated.

In Baker v. Leavitt, 54 Okla. 73, 153 Pac. 1100, this court said:

"A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies, in a subsequent action involving the same subject-matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to issues which could or might have been litigated and determined therein.

"The purpose of an action to quiet title, under section 6121, Comp. Laws 1909 (Rev. Laws 1910, sec. 4927), is to determine who is the real owner of the property and to put to rest all adverse claims. In such an action

all matters affecting the title of the parties thereto may be litigated and determined, and the judgment rendered therein, is final and conclusive as against the parties thereto and their privies."

The rule announced is supported by the following cases: Norton v. Kelley, 57 Okla. 222, 156 Pac. 1164; E. Walker D. G. Co. v. Smith, 69 Okla. 261, 160 Pac. 898; Johnson v. Gillett, 66 Okla. 308, 168 Pac. 1031.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.