## FARWELL v. WILCOX.

No. 9131—Opinion Filed Oct. 22, 1918.

(175 Pac. 936.)

**1. Partnership—Wrongful Dissolution—Assumpsit for Damages.**

Where a partner breaks the covenants of a partnership and thereby wrongfully by force and fear, causes its dissolution, the other may maintain an action of assumpsit against him for the damages resulting.

**2. Same—Measure of Damages.**

The damages in such cases are the profits which would have accrued to the plaintiff from a continuation of the partnership business and which was a loss to him by the unauthorized dissolution.

**3. Trusts—Resulting Trust—Wrongful Dissolution of Partnership — Statute of Frauds.**

The statute of frauds will not prevent actions of this character from being maintained.

(Syllabus by Hooker, C.)

Error from District Court, Dewey County; Frank Mathews, Assigned Judge.

Suit by Paul R. Wilcox against Grant D. Farwell. Judgment for plaintiff, and defendant brings error. Affirmed.

W. A. Briggs, for plaintiff in error.

Adams & Smith, for defendant in error.

Opinion by HOOKER, C. Wilcox sued Farwell to recover damages alleged to have been caused to him by Farwell ousting him by force and fear from a partnership which he contends they had made and operated in Dewey county from August, 1915, to April, 1916.

Wilcox contends that one M. owned certain property in the city of Seiling and also a Ford agency which he wanted to sell for the sum of $3,000, and that he wanted to buy it, but did not have the money, so he (Wilcox) interested Farwell in the deal, and Farwell refused to pay over $2,500 for same, and in order to consummate the transaction he paid to M. $500 and Farwell paid to him $2,500, and the deed was made to Farwell to the property and the Ford agency was taken in the name of Farwell, and he and Farwell operated the business as a partnership, agreeing to share equally in

the business until his part of the profits was sufficient to pay to Farwell the entire sum of money advanced by him for the real estate and for the business in the purchase of cars, and then the real estate was to be conveyed to him and the Ford agency assigned to him; that about April 1, 1916, Farwell forcibly ousted him from the business and threatened to do him personal violence if he attempted to enter the place of business again, and this, notwithstanding the partnership had made large profits on the sale of cars and accessories, etc., which amounted to about $10,000, one-half of which he claims was his and all of which Farwell had appropriated to his own use, and, if the same had been applied as contemplated, the money due by him to Farwell would have been repaid and the real estate would have been conveyed to him and the Ford agency transferred to him; and that when Farwell forced him out of the partnership he was thereby damaged to the extent of his profits. Farwell asserts that Wilcox was to furnish certain sums of money to be used in this enterprise by a certain time, and that he was not to have that interest unless he paid the money, and that Wilcox failed to procure the money, although the time was extended for him frequently, and, when he ascertained that Wilcox could not make the payment, he forfeited his right to participate in the business.

These theories were submitted to the jury under proper instructions, and a verdict was returned for the defendant in error, and the plaintiff in error has appealed here and urges several reasons why the judgment of the lower court should be reversed:

(1) That before one partner may sue another or a cause of action arising from partnership transactions, there must be an accounting and dissolution and the partnership affairs must be settled so it may be ascertained if any sum be due to the partners after its debts are paid.

(2) That the transactions involved here were oral and within the statute of frauds.

(3) That instruction No. 5 was wrong.

The Supreme Court of the United States, in Karrick v. Hannaman, 168 U. S. 328, 18 Sup. Ct. 135, 42 L. Ed. 484, said:

"A partner who assumes to dissolve the partnership, before the end of the term agreed on in the partnership articles, is liable, in an action at law against him by his copartner for the breach of the agreement, to respond in damages for the value of the profits which the plaintiff would otherwise have received."

And in Bagley v. Smith, 10 N. Y. 489, 61 Am. Dec. 756, the court held:

"One partner may maintain an action at law against another for a breach of the copartnership articles in dissolving before the period therein limited."

And in Taylor v. Bradley, 39 N. Y. 129, 100 Am. Dec. 415, Masterton v. Brooklyn, 7 Hill (N. Y.) 61, 42 Am. Dec. 38, Savery v. Ingersoll, 46 Hun (N. Y.) 179, and Wakeman v. Wheeler, 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676, the rule is announced that the damages in such cases are the profits which would have accrued to the plaintiff from a continuation of the partnership business and which are lost by the unauthorized dissolution.

And in 20 R. C. L. 928, it is said:

"As has already been seen when a partner breaks the covenants of a partnership and thereby wrongfully causes its dissolution, the other may maintain an action of assumpsit against him for the damages resulting. Most authorities agree that the damages recoverable by one partner for his copartner's wrongful acts in dissolving the copartnership include anticipated profits for the residue of the term fixed by the articles, and that a partner wrongfully excluded from the business is entitled to his share of the profits on the completion of the venture."

And in 30 Cyc. 466, it is said:

"In this country it (meaning an action) will lie also for the wrongful ouster of a party from the firm or for the wrongful dissolution of the firm before the expiration of the agreed term of its existence."

Newsom v. Pitman, 98 Ala. 526, 12 South. 412; Hunter v. Land, 81 Pa. 296; Dunham v. Gillis, 8 Mass. 462; Ross v. Henderson, 77 N. C. 170; McCollum v. Carlucci, 206 Pa. 312, 55 Atl. 979, 98 Am. St. Rep. 780; Karrick v. Hannaman, supra—support the text quoted.

And in Webster v. Beau, 77 Wash. 444, 137 Pac. 1013, 51 L. R. A. (N. S.) 84, it is stated:

"In most of the cases upon breach of a partnership contract, the breach is the exclusion of the wronged partner from the business, or the refusal to go with him in business. The measure of his damages in such case is his loss by the breach, which, apart from the question of misappropriation of contributed property, etc., is the amount of profits which he would have made, had the contract been carried out according to its terms.

"The question of the recovery of profits by a wronged partner may be divided into the recovery of actual profits or estimated prospective profits. Where the term has

expired before the suit or before the trial, and the business from which the plaintiff has been excluded has made profits, these may afford a definite basis of his loss."

Under the authority of this court in Powell v. Adler, 69 Okla. 291, 172 Pac. 55, and the authorities there cited, the statute of frauds does not apply here.

In case of J. I. Case Thresh. Mach. Co. v. Walton Trust Co. et al., 39 Okla. 748, 136 Pac. 769, this court said:

"Resulting trusts are those which arise where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such a case, a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended, and whom equity deems to be the real owner.

"Resulting trusts are not within the statute of frauds, and may therefore be established by parol evidence, where not otherwise incompetent."

See, also, Boyd v. Winte et al., 65 Okla. 141, 164 Pac. 781; Hayden v. Dannenberg, 42 Okla. 776, 143 Pac. 859, Ann. Cas. 1916D, 1191; McCoy v. McCoy, 30 Okla. 379, 121 Pac. 176, Ann. Cas. 1913C, 146. And Flesner v. Cooper, 39 Okla. 133, 134 Pac. 379, and Turner v. Turner, 34 Okla. 284, 125 Pac. 730, support the rule announced in Walton Trust Co. Case, supra.

There was no error prejudicial to plaintiff in error in the giving of instruction No. 5.

This judgment is not against the partnership, so the rights of creditors, if any, are not involved.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.