## HARRIS v. WILLIFORD.

No. 20940. Opinion Filed June 21, 1932.

Rehearing Denied Feb. 14, 1933.

Chas. P. Gotwals, John T. Gibson, Wm. A. Killey, and J. D. Gibson, for plaintiff in error.

Leahy & Brewster, for defendant in error.

KORNEGAY, J. This is a proceeding in error from the district court of Muskogee county, granting judgment of $10,000 on jury verdict for damages. An inspection of the record in this case shows that if there was a contract between the parties, it was a contract of partnership and for the acquisition of partnership property by purchasing by one party from the other of an interest in a lease of the Hotel Severs at Muskogee, Okla., and the furniture to run it, and there were provisions in the contract that called for a repurchase, and also the details of the management, and there were provisions in the lease forbidding its assignment without the consent of the lessors, the lease running for 20 years and calling for $40,000 a year rental. The record also shows that the lessors would not consent to the assignment

or subletting of the lease. The contract to evidence the partnership and purchase was never signed by the parties, and no payments were made thereunder, and no transfers were made thereunder.

We have examined the entire record and the briefs of the parties, and have reached the conclusion that the evidence did not show that the contract was completed, and if it had been completed, the procedure pursued was not allowable under the law on the subject of partnerships. The cases of Cobb et al v. Martin et al., 32 Okla. 588, 123 P. 422, Price v. Smith, 116 Okla. 27, 243 P. 153, and Lavery v. Gardner, 116 Okla. 63, 243 P. 216, appear to be conclusive in this jurisdiction on that subject.

Section 3 of the syllabus in the case of Cobb v. Martin et al., cited above, is as follows:

"3. Partnership—Mutual Rights and Liabilities—Rights of Action. In the absence of a statute, one partner cannot maintain an action at law against another to recover an amount claimed by him by reason of partnership transactions until there has been a final settlement of the affairs of the concern by discharging its liabilities, collecting its assets, and definitely ascertaining the surplus, to a share of which he is entitled. Up to that time, a partner's only remedy is to apply to a court of equity for dissolution and accounting and ascertainment of such balance."

Portions of the body of the opinion to support this syllabus are as follows:

"It is elementary that one partner cannot maintain an action at law against another to recover an amount claimed by him by reason of partnership transactions until there has been a final settlement of the affairs of the concern by discharging its liabilities, collecting its assets, definitely ascertaining the surplus, to a share of which he is entitled. Up to that time, a partner's only remedy is to apply to a court of equity for an accounting and ascertainment of such balance. Bates on Partnership, 849, 852, et seq.; Story's Eq. Jur. sec. 683; Pomeroy's Eq. Jur. sec. 1421; Tiedeman on Eq. Jur. sec. 534."

And further:

"It is not shown that any settlement of the partnership, if in fact one existed, was ever had; but, on the other hand, it appears that for several years after the death of Edward Martin, the surviving partner, Cobb, continued to pay to the estate large sums of money aggregating approximately $30,000, and for several years continued to manage and handle the cattle interests of the alleged partnership. This conclusion is strongly supported by the testimony of the visit to defendant's ranch of Joseph E. Martin, one of the trustees of the estate, and his attorney, and of the letter of December 24, 1897, as well as writings showing the account on which various credits were made as already shown. The fact that the partnership, if one existed, had been dissolved by the death of Edward Martin did not thereby authorize the estate to sue, in an action at law, until after a settlement of the partnership affairs. If such settlement could not be had, then an action in equity for an accounting would be the only remedy that could properly be invoked."

We think the case should be reversed and remanded, with directions to grant a new trial, and it is so ordered.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.