LaDee R. JOHNSON and Mildred Johnson,
Plaintiffs in Error,

v.

J. E. STEWARD and Hazel N. Steward,
Defendants in Error.

No. 40581.

Supreme Court of Oklahoma.

Dec. 22, 1964.

Pat Brogan, Oklahoma City, for plaintiffs in error.

Brown, Darrough & Darrough, Oklahoma City, William A. Vassar, Chandler, for defendants in error.

HALLEY, Vice Chief Justice.

The reference herein to the parties in this appeal is as they appeared in the district court.

A demurrer was sustained, without prejudice, to plaintiffs' petition for failure to state a cause of action. Plaintiffs contend a liberal construction of the allegations of their petition shows a cause of action stated therein, and the fact that equity powers may need be exercised by the court by requiring an accounting to wind up partnership affairs preliminary or incidental to adjudication of an action in law constitutes no barrier because actions at law and suits in equity are merged by effect of 12 O.S. 1961, § 10.

The petition seeks damages for wrongful breach of an oral partnership agreement and seeks to have judgment granted for any other relief to which plaintiffs are entitled. It alleges that plaintiffs and defendants formed a partnership and, pursuant to their agreement, plaintiffs moved to defendants' farm with their livestock, machinery and farming equipment; that plaintiffs and defendants conducted a dairy business and farming operation under a partnership management operating as Steward and Johnson Dairy. That when almost a year had elapsed J. E. and Hazel Steward, defendants, caused a notice to vacate to be served on plaintiffs, LaDee and Mildred Johnson, and without other place to go plaintiffs were forced to sell at a sacrifice their livestock and farming machinery. Also alleged is that defendants owe plaintiffs the value of one-half the pecan crop raised on the farm during the time plaintiffs were on the farm, appropriated by defendants.

Defendants say the trial court properly sustained, without prejudice, their demurrer to plaintiffs' petition because a partner cannot maintain an action at law on a claim growing out of partnership transactions until there has been an accounting and final settlement of the partnership affairs, and that plaintiffs' remedy is to apply for dissolution and accounting.

In Tennant v. Dodsworth, Okl., 349 P.2d 9, this court held:

"One partner cannot maintain an action at law against the remaining members of the partnership to recover an amount claimed by him by reason of partnership transactions until there has been a final settlement of the partnership affairs by discharging its liabilities, collecting its assets and definitely ascertaining the surplus to a share of which he may be entitled."

The general rule that a partner cannot maintain an action at law on a claim growing out of the partnership transaction until there has been an accounting and final settlement of the partnership affairs, and that his only remedy is to apply to a court of equity for dissolution and an accounting, has been adhered to by this court in several cases. See Burbank Garage v. United States Fidelity & Guaranty Co., 144 Okl. 163, 289 P. 1106; Cobb v. Martin, 32 Okl. 588, 123 P. 422; and Harris v. Williford, 162 Okl. 54, 18 P.2d 1049; 68 C.J.S. Partnership § 108; 21 A.L.R. 21, 34.

Exceptions to the aforesaid rule were said to be proper in Reiser v. Johnston, 65 Okl. 307, 166 P. 723, L.R.A.1918A, 924; Farwell v. Wilcox, 73 Okl. 230, 175 P. 936, 4 A.L.R. 156; Dill v. Flesher, 73 Okl. 185, 175 P. 359, and Lamb v. Alexander, 74 Okl. 250, 179 P. 587, as, where the transaction out of which the alleged liability arises is one independent of the partnership, or relates to a single venture, or a segregated item. Numerous cases of courts of other jurisdictions are cited to the same conclusion in the annotation, 21 A.L.R. 21, 57.

 68 C.J.S. Partnership § 110, p. 553, states that a contention that one partner cannot sue another except for dissolution of the partnership is without merit where the very existence of the partnership is at issue. It is said, also, in 68 C.J.S. Partnership § 111, that an action at law by one partner against another will lie for breach of a partnership agreement if the damages resulting from the breach belong exclusively to the partner, and not to the firm, and can be assessed without taking any account of the partnership business.

In a long line of cases this court has held, as in Hendrix v. Redfern, 204 Okl. 613, 232 P.2d 926, and in Wallace v. Williams, Okl., 313 P.2d 784, that as against a demurrer a petition must be liberally construed, and all of its allegations of fact must be taken as true, together with all reasonable inferences therefrom. If any fact stated therein entitle the plaintiffs to any relief, the demurrer should be overruled. It was held in Brown v. Privette, 109 Okl. 1, 234 P. 577, that if a plaintiff's petition states facts showing that he is entitled to a remedy, either legal or equitable, his action will not be dismissed because he has misconceived the nature of his remedial rights, and has asked for equitable relief when he should have asked for a legal remedy, or asked for the wrong equitable relief, or vice versa. See also Tucker v. Porter, 181 Okl. 30, 72 P.2d 388, to the same effect.

The petition here alleges a transaction which might be inferred as independent of the partnership, as well as another allegation arising out of a single item before dissolution. The allegations are sufficient as against the demurrer.

In passing on the demurrer to the petition, all allegations therein contained should have been accepted as true by the trial court against the demurrer. If the petition states any facts entitling the plaintiffs to any relief, it was error to sustain the general demurrer. Fowler v. Van Francis Typesetting Co., Okl., 362 P.2d 107.

The judgment is reversed with directions to the trial court to reinstate the cause and set aside the order sustaining the demurrer and overrule the same, and proceed consistently with the view herein expressed.

BLACKBIRD, C. J., and JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.