[L. A. No. 15083. In Bank.—March 30, 1937.]

HARRY B. BLEE et al., Respondents, v. LEAD MOUNTAIN MINES (a Copartnership) et al., Appellants.

Forgy, Reinhaus & Forgy, R. M. Crookshank and Fred Forgy for Appellants.

Head, Wellington & Jacobs for Respondents.

LANGDON, J.—This is an appeal from a judgment for plaintiff foreclosing a chattel mortgage and entering a deficiency judgment in his favor.

Defendant Lead Mountain Mines was a partnership composed of a large number of persons, operating certain mining property. On May 27, 1926, the concern was in financial difficulties, and defendant H. J. Harkleroad was appointed trustee of its properties. He managed the business, handled the money, and paid current bills. About this time a judgment had been obtained against the partnership by the Simpson Engineering Company. Fearing disaster to the business, plaintiff, one of the partners, discussed the situation with Harkleroad and offered to get the necessary money to pay the judgment. He did so, and Harkleroad, on behalf of the partnership, executed the note and chattel mortgage as further security for the payment, which was in effect an advance of money to the partnership. There was no secrecy surrounding the transaction, the circumstances of which were generally known among the members of the partnership.

A number of the defendants named in the complaint defaulted, and others have appealed. The first ground of appeal is that by the terms of the instrument appointing him Harkleroad did not have authority to make such instruments without the written authorization of certain partners named as an advisory board. The trial court found that he was duly authorized, and in view of the evidence that he had

been left in practical control of the business, this is not an unreasonable inference. Harkleroad testified that prior to May, 1926, ''J. T. Anderson carried along for Lead Mountain Mines until he got in financial difficulty and from that time on I carried on''; that he paid certain bills, accepted checks, employed a watchman, and transacted a certain amount of business for the concern; that he met with the various parties from time to time; that ''the gist of the meetings was a discussion of the financial affairs''; that they were always short of money; that they were ''not in development'' but were building a mill; that he, together with Anderson, had negotiated for the sale of machinery of Lead Mountain Mines to the Colosseum Mines, and that he executed the bill of sale. The following also appears: ''Q. And you, at that time, were carrying on different transactions, weren't you, in regard to this matter, the Lead Mountain Mines? A. Well . . . as far as the Lead Mountain Mines were concerned, there was no activity. We were doing nothing. Principally all the transactions that were carried on were, as I said before, Mr. Brooks was endeavoring to put over a deal for a development of that barium . . .''

It clearly appears from this testimony that the parties acquiesced in the assumption of full powers of management by Harkleroad, and the execution of the note and mortgage, on behalf of the partnership and obviously for its protection and benefit, cannot be deemed unauthorized.

Appellants also contend that the only action available to the plaintiff was one for an accounting and dissolution of the partnership; but the evidence shows and the court found that this advance of money was a transaction sufficiently segregated to permit a separate action on the obligation.

The judgment is affirmed.

Shenk, J., Thompson, J., Curtis, J., Seawell, J., and Edmonds, J., concurred.

Rehearing denied.