BUELLESFELD v. CARPENTER et al.

No. 30583. Sept. 29, 1942.

*129 P. 2d 1022.*

Reily & Reily, of Shawnee, for plaintiff in error.

Randall Pitman, of Shawnee, for defendants in error.

BAYLESS, J. F. J. Buellesfeld sued A. B. Carpenter and Helen Carpenter in the district court of Pottawatomie county to recover judgment upon a promissory note executed by those defendants, and another not a party here.

The defendants filed separate but substantially identical amended answers wherein they alleged, among other things, the following:

". . . further alleges and states that at the time of the execution and delivery of the note sued on, an oral agreement was made and entered into by and between the plaintiff and defendants wherein it was specifically understood and agreed by the said parties that in view of the fact that there was no personal liability on the part of either defendants to pay the plaintiff any sum of money and in view of the further fact that the estate of Dr. Buellesfeld is legally indebted to said plaintiff, that it was agreed by and between the plaintiff and defendants that the note sued on herein should be signed and delivered to the plaintiff under the express consideration, understanding and agreeing that said note should not be a binding and valid obligation against the signer and not take effect unless and until the assets of the estate of Dr. Buellesfeld should be of the net value of $6,200."

It was further alleged that this was an oral agreement, and later in each of the separate amended answers the same allegation was again made.

At the trial of the case the plaintiff and defendants introduced evidence to show that at the time of the death of Dr. Buellesfeld he and the plaintiff herein were indebted, the plaintiff probably as an accommodation maker, to a bank on two notes aggregating $6,000, and that after the death of Dr. Buellesfeld the plaintiff joined with the defendants herein and the widow of Dr. Buellesfeld in the execution of a note to the bank for a sum sufficient to cover the two notes. Later suit was brought on this note against the plaintiff herein and the defendant Helen Carpenter, and her mother. The other defendant herein, A. B. Carpenter, is an attorney and represented the defendants in that action. The evidence of the parties conflicts as to why the plaintiff herein paid that note and settled the action, but in any event he did so. Beginning at this point there is a complete divergence in the testimony and contentions of the parties. The plaintiff contends that defendants herein executed and delivered to him the note sued on herein in settlement of the obligation which he had paid for the deceased Dr. Buellesfeld. There is sufficient evidence in the record to support a verdict in his favor. The defendants admit the execution and delivery of the note sued on,

but they both testified that neither was personally indebted to the plaintiff herein, and that neither of them regarded themselves obligated to pay the debts of the deceased Dr. Buellesfeld, except insofar as the defendant, Helen Carpenter, as an heir of Dr. Buellesfeld, received from his estate property sufficient so to do. In this respect, there is sufficient evidence in the record to support a verdict of the jury in favor of the defendants on this issue of conditional delivery.

Plaintiff argues that the court erred in admitting parol evidence to establish that the promissory note sued on was payable in any other manner than that expressed on its face. He cites Posey v. Citizens' State Bank, 93 Okla. 266, 220 P. 628, and other cases announcing that a promissory note that is complete on its face including the details of payment may not be contradicted or varied by parol evidence tending to show that said note is payable in some other manner or from some specific source.

Defendants assert that in making this argument, plaintiff has misconstrued the purport of their defense. They contend that the defense is not that it was payable in some manner other than that expressed by its terms, but that the note was conditionally delivered and was not to become a binding obligation until the happening of a certain contingency, to wit: The realization of $6,200 net in the estate of Dr. Buellesfeld.

They contend that a note may be shown by parol evidence as between the makers and the payee to have been delivered conditionally. Colonial Jewelry Co. v. Brown, 38 Okla. 44, 131 P. 1077; Tovera v. Parker, 35 Okla. 74, 128 P. 101, and other Oklahoma cases. They assert that this is the universal rule and cite Burk v. Dulaney, 153 U. S. 228, 38 L. Ed. 698.

We find the general rule stated in 7 Am. Jur. 810, sec. 40, to be that a note may be shown by parol evidence to have been delivered conditionally as between the parties thereto. In 7 Am. Jur. 811, § 41, this rule is dealt with as applied to the delivery of the note to the payee. It is said:

"The provisions of the Uniform Negotiable Instruments Act referred to in the preceding section settles the question whether a conditional or contingent delivery may be made to the payee. On general principles, even before the adoption of the Uniform Act, the great weight of authority has sustained the right of the maker of a promissory note or other negotiable instrument to deliver it to the payee or other obligee upon the condition that it shall not become a binding obligation except upon the happening of a certain event . . . until the condition is met, the instrument is unenforceable. Parol evidence is admissible to show such conditional delivery."

In the notes cited in support of this text appears the Oklahoma case of Horton v. Birdsong, 35 Okla. 275, 129 P. 701, L. R. A. 1916B, 1048, and the Oklahoma case of Farmers' Bank v. Nichols, 25 Okla. 547, 106 P. 834, 138 Am. St. Rep. 931, 21 Ann. Cas. 1160, discussing, the rule. The rule is inapplicable where the note has passed into the hands of an innocent purchaser.

Therefore, we are of the opinion that the defense set up by the defendants is supported by sufficient evidence to sustain the verdict of the jury in their favor. We might say in passing that the defendants also pleaded a failure of consideration, and complaint is made by the plaintiff concerning the admission of evidence on this basis and the giving of certain instructions relating to the subject of consideration. We think what we have said eliminates the necessity for discussing this issue. The judgment of the trial court is affirmed.

OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY, J., absent.