**FEDERAL NATIONAL BANK & TRUST COMPANY OF SHAWNEE, Appellant,**

v.

**SHANON DRILLING, INC., Jimmy W. Gray, et al., Defendants,**

and

**David B. Levy, John Regina and Roy O. Dillard, Jr., Appellees.**

No. 65226.

Supreme Court of Oklahoma.

July 19, 1988.

Diamond, Adcock & Stuart by James T. Stuart, Shawnee, for appellant.

Mantooth & Haxel by John Mantooth, Purcell, for appellees.

HODGES, Justice.

The dispositive question is whether a prior oral agreement was admissible in evidence as a condition precedent to the effectiveness of certain written guaranty agreements. We answer in the affirmative.

Appellees David B. Levy, John Regina and Roy O. Dillard, Jr., (Guarantors) agreed to guarantee a $300,000 loan issued by appellant Federal National Bank &

Trust Company of Shawnee (Bank) to defendant Shanon Drilling, Inc., a drilling company which is owned by defendant Jimmy W. Gray, for the purpose of buying a drilling rig. The Guarantors allege as consideration for their executing the guaranty agreements and mortgaging their interests in a certain oil and gas lease, they were each to receive an undivided one-eighth (⅛th) interest in Shanon Drilling, Inc. and the drilling rig, which was the principal asset of the corporation. They further assert that prior to the execution of the written guaranty agreements the Bank and the Guarantors entered into an oral agreement at a meeting held in Duncan, Oklahoma, in July of 1981, which was attended by a representative from the Bank, Gray and the Guarantors to discuss the terms of the loan agreement. They assert the Bank orally agreed the loan would not be closed and the proceeds would not be disbursed until such time as the Bank was assured the Guarantors had received their ⅛th interests in the company and the drilling rig from Gray and the company. Consequently, this condition precedent to the disbursement of the loan proceeds was likewise a condition precedent to the written guarantees becoming effective. They contend the Bank failed to assure the interests had been transferred to them as previously agreed prior to disbursing the loan proceeds into the checking account in the name of the company.

The ⅛th interests were never assigned to the Guarantors and the drilling company defaulted on the note. The Bank sued the drilling company; its president, Jimmy W. Gray; and the Guarantors on the note to collect the outstanding indebtedness and to foreclose certain oil and gas mortgages securing the guarantees. Shanon Drilling, Inc. and Gray admitted liability on the note and allowed judgment to be entered against them and foreclosure on the security thereon. The Guarantors counter claimed against the Bank alleging it breached its covenant and promise not to fund the loan until authorized by them after receipt of their share of the company and the drilling rig.

The Bank does not dispute the prior Duncan meeting between it and the Guarantors but denies the existence of any alleged promise. It further denies it released the loan proceeds prior to receiving the written guaranty agreements from the Guarantors. In addition, the Bank contends evidence from the Duncan meeting was inadmissible under the parol evidence rule because the parties executed written guaranty agreements dated July 22, 1981, which superseded any alleged oral agreement. It contends its position is further supported by the fact the Guarantors made no effort to respond to language contained in its transmittal letter dated July 24, 1981, which accompanied the mortgages and written guaranty agreement with regard to the Bank's intent to "proceed with funding on the drilling rig" when the documents were received by the Bank.

The Guarantors counter argue the executed guaranty agreements were received by the Bank on September 9, 1981, *after* the loan proceeds were released to Shanon Drilling, Inc. Consequently, the funds were released by the Bank without first making sure the Guarantors had in deed received their fractional interests in the company and the rig.

Prior to trial the Bank attempted to suppress all evidence of the oral agreement between it and the Guarantors. It filed a motion in limine and motion for summary judgment. The trial court denied its motions and admitted the evidence concerning the prior oral agreement offered for the purpose of showing that the guarantees never became operative and, thus, the obligation never existed. The jury returned a verdict in favor of the Guarantors and against the Bank and awarded actual damages in the amount of $29,669 to each of the Guarantors. Judgment was entered on the jury verdict. Attorney's fees were awarded to the Guarantors in the amount of $27,500. The Bank appealed.

The Court of Appeals reversed, finding the evidence of the oral agreement should not have been admitted under the parol evidence rule because the oral agreement varied the terms of the written agreements which were complete and unambiguous. The appellate court determined the oral condition precedent to the Bank's release of the funds was contradictory of the terms of the July 22nd written guarantees which stated: "The undersigned Guarantor hereby absolutely and unconditionally guarantees payment ..." and "This guaranty shall be absolute, unconditional, continuing and binding upon the estate of the undersigned guarantor." It found the alleged oral agreement contradicts the Guarantors' obligation and makes an unconditional guarantee conditional.

■ We grant certiorari for the purpose of determining whether parol evidence from the Duncan meeting was admissible to prove a separate agreement which constitutes a condition precedent to the effectiveness of the written guaranty agreements.

Title 15 O.S. 1981 § 137 provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

However, an exception to this rule allows parol evidence to prove a separate agreement constituting a condition precedent to a written contract taking effect. *Pray v. Kidd Williams Drilling Corporation*, 352 P.2d 380 (Okla.1960); *Yeager v. Jackson*, 162 Okla. 207, 19 P.2d 970, 972 (1933); *Colonial Jewelry Co. v. Brown*, 38 Okla. 44, 131 P. 1077 (1913); *Gamble v. Riley*, 39 Okla. 363, 135 P. 390 (1913).

We must determine whether the oral agreement here varied or modified the terms of the written guarantee agreements or simply placed a condition precedent on the effectiveness of the agreements.

The Court of Appeals' decision found the oral agreement contradicted the written agreements. It determined the alleged oral condition precedent modified the terms of the written guaranty agreements by making the unconditional guarantees conditional on the Bank assuring the Guarantors each received their ⅛th interests. We do not agree.

■ We find the oral agreement created a condition precedent to the Bank's release of the loan proceeds. It necessarily follows then that the oral agreement created a time when the written guarantees would become effective, *i.e.,* when the Guarantors received their interest. Therefore, the oral agreement did not contradict or vary the terms of the unconditional written guarantee agreements. Once the written guaranty agreements became effective the guarantee of payment would be unconditional under the terms of the written agreements.

In *Pray, supra,* this Court stated:

"We are cognizant of the rule which permits the introduction of parol evidence to prove a separate agreement which constitutes a condition precedent to the taking effect of a written contract....

"It will be noted that in all of these cases, the parol evidence did not contradict or vary the terms of the written agreement.

" 'Where a writing or memorandum of contract does not purport to disclose the complete contract, or if, *when read in the light of attendant facts and circumstances,* it appears to contain only part of the agreement entered into by the parties, parol evidence is admissible to show what the rest of the agreement was; *but such parol evidence must not be inconsistent or repugnant to that part of the agreement integrated in the writing or memorandum.' "* Pray,* 352 P.2d at 384 (quoting *Moore v. Emerson,* 325 P.2d 437, 438 (Okla.1958)). (Emphasis in original and added).

The Bank negotiated with all the parties and knew all the attendant facts and circumstances surrounding the loan. It does not deny the Duncan meeting held prior to the loan closing, but only contends evidence from the meeting is inadmissible under the parol evidence rule. The Bank knew the transfer of the ⅛th interests in the company and the rig to each of the Guarantors was to be the consideration for their executing the written guaranty agreements and mortgaging their interests in a certain oil and gas lease. It therefore cannot now argue the written guarantees were the complete agreement. It is obvious the Guarantors would not have signed the written guarantees unless they believed the loan proceeds would not be disbursed until after their interests in the company and drilling rig were transferred to them.

■ We hold the evidence concerning the oral agreement was admissible as a matter of law to prove a separate agreement which constituted a condition precedent to the effectiveness of the written guarantees inasmuch as the oral agreement did not contradict or vary the written terms to unconditionally guarantee payment. Rather, the oral agreement conditioned the effectiveness of the written guarantees on the conveyance of the Guarantors' interests in the company and the rig. Because the Guarantors never received their interests the written guarantees never went into effect.

We further find the trial court properly awarded attorney's fees in the amount of $27,500 to the Guarantors as the prevailing parties and such award was reasonable and not excessive. 12 O.S. 1981 § 936; *National Educators Life Insurance Co. v. Apache Lanes, Inc.,* 555 P.2d 600 (Okla. 1976).

Therefore, we vacate the opinion of the Court of Appeals and reinstate the judgment of the trial court.

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS and OPALA, JJ., concur in part, dissent in part.