Ralph L. JONES, Jr., Appellee,

v.

SAGEEYAH DEVELOPMENT, LTD., Appellant.

No. 68571.

Supreme Court of Oklahoma.

June 23, 1992.

James R. Gotwals, Barbara Ann Bartlett, Therese Buthod, James R. Gotwals & Associates, Tulsa, for appellee.

Stephen J. Greubel, Charles W. Shipley, Mark B. Jennings, Tulsa, for appellant.

LAVENDER, Justice.

We hold in this case, contrary to the Court of Appeals, the trial court did not err in granting summary judgment in favor of Appellee, Ralph L. Jones, Jr. (Jones) and against Appellant, Sageeyah Development Ltd., (Sageeyah) in a suit by Jones to recover on a note.[1] We previously granted certiorari.

Sageeyah had a debt to First National Bank of Tulsa in the amount of $119,-000.00, which was guaranteed by Jones and another general partner, James E. Vincent (Vincent). The bank was threatening to take legal action to collect on the partnership debt. In order to alleviate those threats and to avoid action by the bank against the partnership and the guarantors Jones agreed to pay the bank $40,000.00 on behalf of Sageeyah to reduce the debt. He did so and upon such payment he was released from further personal liability of Sageeyah's debt under his guarantee. In turn the bank reduced Sageeyah's debt at the bank and it agreed to a new secured

---

1. Summary judgment is appropriate when there is no substantial controversy as to any material fact and it appears one party is entitled to judgment as a matter of law. *Sellers v. Oklahoma Publishing Company,* 687 P.2d 116, 120 (Okla.1984).

loan agreement with Sageeyah for both an extension and renewal of the now reduced partnership debt. Jones requested Sageeyah to execute the $40,000.00 promissory note, which Sageeyah did. The face of the note shows it was executed by Sageeyah on September 22, 1983, interest of 12% per annum on each annual anniversary date was due and the principal was to be paid in full after 36 months. Although one interest payment was made in the fall of 1984, no other payments have been made. All of the above facts are undisputed.

Sageeyah presented two defenses for appellate review. One concerned whether the action on the note was premature and subject to dismissal for the asserted reason a general partner cannot bring an action against the partnership to enforce an obligation, but is limited to bringing a proceeding for an accounting, dissolution and final settlement of the partnership's affairs.[2] We hold the action was not premature or subject to dismissal based on such defense.

As a further defense to payment Sageeyah raised a contemporaneous oral understanding between the parties which was presented through the deposition testimony and affidavit of Vincent, who as general partner signed the note on behalf of Sageeyah. Sageeyah argues the oral understanding creates a valid condition precedent to enforceability of the note and because there is a dispute between the parties as to the existence of the oral understanding summary judgment was inappropriately awarded to Jones. We hold the argument did not preclude summary judgment. We dispose of the two defenses in order.

## PART I.

■ Sageeyah argues a material factual dispute exists as to whether Jones effectively resigned from the partnership and based on such dispute it relies on the general rule of partnership law that a partner may not sue either the partnership or another general partner over a partnership matter in an action at law until there has been an accounting and final settlement of the partnership affairs, and that his only remedy is to apply to a court of equity for dissolution and an accounting. *See e.g. Johnson v. Steward,* 397 P.2d 907, 908 (Okla.1964); *Burbank Garage v. United States Fidelity & Guaranty Co.,* 144 Okla. 163, 289 P. 1106, 1107 (1930). Even assuming the existence of a factual dispute as to whether Jones effectively resigned from the partnership and, thus, technically remained a partner, such dispute did not preclude summary judgment or limit Jones to only an equitable action because the suit involved here is within a recognized exception to the general rule relied on by Sageeyah.[3]

■ One of the recognized exceptions to the general rule is that an action at law will lie where the transaction at issue concerns a segregable item or the breach of an agreement where the damages for such breach belong exclusively to the suing partner. *See Johnson, supra* at 908–909. Other jurisdictions have recognized that where a partner sues either the partnership or another partner to recover on a note the general rule does not apply and the action may be brought at law. *Blee v. Lead Mountain Mines,* 8 Cal.2d 550, 66 P.2d 646, 646–647 (1937) (suit by partner against partnership on note allowed); *Linch v. Linch,* 145 Neb. 792, 18 N.W.2d 98, 99–100 (1945) (suit by one partner against another on note allowed). The reason for the exception, if it can really be considered an exception at all, is that the note itself constitutes an acknowledgment of a separate

---

**2.** The Court of Appeals deemed it unnecessary to decide the first issue because of their reversal on the condition precedent issue. We decide the issue in view of our ruling the trial court should have been affirmed on the condition precedent issue. *See Johnson v. Wade,* 642 P.2d 255, 259 (Okla.1982).

**3.** On appeal Jones argues the first defense was not timely or properly raised below and, therefore, should not be considered on appeal. In light of our disposition in favor of Jones we need not decide whether the defense was timely or properly raised in the trial court.

debt between the parties. *Id.* *Blee* involved a situation similar to that involved here. In *Blee* the partnership was in financial difficulties and a judgment had been obtained against it by a creditor. In order to alleviate disaster to the partnership's business one of the partners offered to loan the money to the partnership to pay the judgment. A note and chattel mortgage were executed by the partnership in favor of the partner. The California Supreme Court determined advance of this money was a transaction sufficiently segregable to permit a separate action on the obligation. 66 P.2d at 646–647. In our view, the note involved here constitutes a sufficiently segregable transaction to permit a separate action at law and Jones was not limited to an equitable action. Thus, the defense did not preclude summary judgment in favor of Jones.

## PART II.

■ The second defense concerns a purported oral understanding between the parties which evidenced a condition precedent to enforceability of the note and application of the parole evidence rule. The understanding, according to Vincent, was as follows: the $40,000.00 payment to the bank by Jones was not a loan, but a capital contribution to the partnership to be repaid only if and when Sageeyah had sufficient money on hand to return the contribution. The note was merely to serve as evidence of the capital contribution and would not be demanded or paid unless Sageeyah ever obtained sufficient money to return the contribution. Jones denies any such oral understanding or agreement. Based on such assertion and the factual dispute as to the existence of the oral understanding Sageeyah argues summary judgment was improper because the testimony of Vincent would have been admissible at trial notwithstanding the parol evidence rule. In our view, Sageeyah's theory concerning a condition precedent to recovery on the note is flawed because the purported oral understanding does not create a valid condition

precedent and evidence concerning it would be inadmissible at trial as violative of the parol evidence rule as an attempt to alter, vary or contradict the scope and meaning of the written note.

■ There is no question Sageeyah is correct evidence of a prior or contemporaneous oral separate agreement is admissible to show a written agreement (here the note) will not become effective as a binding contract until some contingency happens. *Federal National Bank v. Shanon Drilling,* 762 P.2d 928, 930 (Okla.1988); *Buellesfeld v. Carpenter,* 191 Okla. 301, 129 P.2d 1022 (1942). It is, however, equally clear such oral evidence may not be used to alter, vary or contradict the terms of the written agreement. *Federal National Bank, supra* at 930–931; *American Perforating Co. v. Oklahoma State Bank,* 463 P.2d 958 (Okla.1970); *Posey v. Citizen's State Bank,* 93 Okla. 266, 220 P. 628, 629–630 (1923). Furthermore, we have held oral evidence is not admissible to show a note absolute in its terms is to be paid out of a particular fund [*Id.* at 630] and that oral evidence that the endorser of a note would not be liable on the note, but it was to be paid out of the profits of a corporation was inadmissible. *Land v. Lynn,* 331 P.2d 942, Syllabus 1 (Okla.1958).

In the present case Sageeyah's recitation of the oral understanding of the parties is one which utterly fails to show a condition precedent to the effectiveness or enforceability of the note, but is one which instead seeks to change, vary and contradict the terms of the note. As set out above, Sageeyah argues the note really did not represent a loan to the partnership, but was rather a capital contribution, orally agreed to be paid back only if and when the partnership had the money on hand to repay the contribution. Such oral understanding is obviously nothing more than an attempt to vary, alter or contradict the unambiguous terms of the note, which requires payment on a date certain, rather than a condition precedent to the effectiveness or enforceability of the note. The purported

oral understanding between the parties would not be admissible as a valid condition precedent to the effectiveness or enforceability of the note because it is nothing more than inadmissible evidence tending to alter, vary or contradict the terms of the note.[4] Accordingly, the Court of Appeals incorrectly reversed the trial court's grant of summary judgment in this case.

The decision of the Court of Appeals is VACATED and the judgment of the trial court is AFFIRMED.

OPALA, C.J., and SIMMS, HARGRAVE and WATT, JJ., concur.

KAUGER and SUMMERS, JJ., concur in Part I, dissent from Part II.

HODGES, V.C.J., and ALMA WILSON, J., dissent.

---

4. Although not contained in the petition in error Sageeyah raises in its briefs an alternative argument that the written note is just one part of an overall comprehensive oral agreement. We will not consider this argument as matters or issues not presented by the petition in error will not be considered on appeal. *Kirschstein v. Haynes*, 788 P.2d 941, 955 (Okla.1990).