34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William R. AUSTIN, Plaintiff-Appellant,
v.
Ronald W. COCKINGS, Defendant-Appellee.
 No. 93-6157.
 United States Court of Appeals, Tenth Circuit.
 Aug. 8, 1994.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals the district court's decision in this diversity action, governed by Oklahoma law, for the dissolution and final accounting of two partnerships. This court reviews the district court's legal conclusions de novo, but will disturb factual findings only if they are clearly erroneous. See, e.g., Morgan v. Independent Drivers Ass'n Pension Plan, 975 F.2d 1467, 1468 (10th Cir.1992). We review the district court's award of equitable relief, based upon these equitable claims, see Jones v. Sageeyah Dev., Ltd., 833 P.2d 1235, 1237 (Okla.1992), only for an abuse of discretion. See Malarkey v. Texaco, Inc., 983 F.2d 1204, 1214 (2d Cir.1993). Upon consideration of the record and the parties' arguments on appeal, we affirm.[2]
 
 
 4
 The district court thoroughly summarized the facts underlying this litigation. On appeal, plaintiff asserts five arguments. He challenges the district court's factual findings that three loans plaintiff made to one of the partnerships were not partnership contributions, that funds defendant received through two rental accounts were compensation rather than partnership withdrawals, and that plaintiff's satisfaction of an abuse-of-process judgment was not a partnership contribution entitling him to indemnification. Plaintiff also contends that there was no evidence before the district court supporting its determination that collateral estoppel precluded plaintiff from asserting that certain checks defendant received were partnership withdrawals rather than compensation. Finally, plaintiff contends that the district court erred, as a matter of law, in determining that the two partnerships dissolved May 6, 1986. But see Appellant's Br. at 11 ("The evidence and testimony at trial contradict [the district court's] conclusion" that the partnerships dissolved May 6, 1986)(emphasis added). The question of the dissolution of a partnership, however, like plaintiff's other appellate arguments, involves a question of fact. See Moning Dry Goods Co. v. Wiseman, 159 P. 259, 260 (Okla.1916).
 
 
 5
 "[I]f ... an appellant intends to urge 'that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.' " Green v. Johnson, 977 F.2d 1383, 1387 (10th Cir.1992)(quoting Fed.R.App.P. 10(b)(2)). See generally Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)(" '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed' ")(quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948))(emphasis added). "Moreover, 'it is counsel's responsibility to see that the record excerpts are sufficient for consideration and determination of the issues on appeal and the court is under no obligation to remedy any failure of counsel to fulfill that responsibility.' " Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979 (10th Cir.1992)(quoting General Order, 10th Cir., October 25, 1990, p. 5).
 
 
 6
 Plaintiff included in the record on appeal only brief, sporadic excerpts of the trial transcript. Such an incomplete record "raises an effective barrier to informed, substantive appellate review," McGinnis v. Gustafson, 978 F.2d 1199, 1201 (10th Cir.1992), precluding this court's consideration of any challenge to the district court's fact finding and limiting our review only "to determining whether the district court properly applied the law to the facts," Trujillo v. Grand Junction Regional Ctr., 928 F.2d 973, 976 (10th Cir.1991). We discern no legal error in the district court's decision.
 
 
 7
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 During the pendency of this appeal, defendant filed for bankruptcy relief. Plaintiff has informed this court that the bankruptcy court has granted his motion for relief from the automatic stay. Accordingly, this court's order staying consideration of this appeal is vacated